IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| BELINDA HAMILTON, | ) | C/A No. 2:14-cv-02718-TMC-MGB |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | REPORT AND RECOMMENDATION |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff Belinda Hamilton, through counsel, brought this action to obtain judicial review of an unfavorable final administrative decision denying benefits on her November 30, 2009 application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("Act"). See Section 205(g) of the SSA, as amended, 42 U.S.C. Section 405(g).  This matter was referred to the Magistrate Judge for a Report and Recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., and Title 28, United States Code, Section 636(b)(1)(B).

**Procedural History and ALJ's Findings**

The Plaintiff was born August 1, 1968 and was 42 years old on the alleged onset of disability, December 21, 2010. (R 31, 156.)  The Plaintiff filed for DIB and SSI benefits on November 30, 2009.  (R. 31.)  The Plaintiff was denied benefits on her initial claim and her request for reconsideration.  (Id.)  The Plaintiff requested a hearing before an Administrative law Judge ("ALJ"), and the hearing was held on December 7, 2012. (Id.)  The ALJ made a finding the Plaintiff was not disabled on January 18, 2013, and the Plaintiff appealed the decision to the

Appeals Council ("AC"). (R. 31-40, 22.) The AC denied her appeal. (R. 1-6.) This case followed.

The ALJ's decision is now the Commissioner's final action for purposes of judicial review. In making the determination that the Plaintiff is not entitled to benefits, the Commissioner has adopted the following findings of the ALJ's January 18, 2013 Decision (R. 135-148.):

> (1) The claimant meets the insured status requirements of the Social Security Act through September 30, 2013.
> 
> (2) The claimant has not engaged in substantial gainful activity since December 21, 2010, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).
> 
> (3) The claimant has the following severe impairments: osteoarthritis, carpal tunnel syndrome, asthma, hypertension, back disorder, and obesity (20 CFR 404.1520(c) and 416.920(c)).
> 
> (4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).
> 
> (5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). She is precluded from climbing ladders, ropes, or scaffolds, but may occasionally perform other postural movements. She may frequently handle with the upper extremities, and must avoid concentrated exposure to extreme temperatures, humidity, vibration, respiratory irritants, and hazards.
> 
> (6) The claimant is unable to perform any past relevant work. (20 CFR 404.1565 and 416.965).
> 
> (7) The claimant was born on August 1, 1968 and was 42 years old, which is defined as younger individual age 18-49, on the alleged disability onset date. (20 CFR 404.1563 and 416.963).
> 
> (8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416-964).
> 
> (9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

> (10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> (11) The claimant has not been under a disability, as defined in the Social Security Act, from November 4, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

## Applicable Law

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). The Act also provides that SSI disability benefits shall be available for aged, blind, or disabled persons who have income and resources below a specific amount. See 42 U.S.C. § 1381 *et seq*. "Disability" is defined in the Act as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than" twelve months. See 42 U.S.C. § 423(d)(1)(A) (definition used in the DIB context); 42 U.S.C. § 1382c(a)(3)(A) (definition used in the SSI context).[1]

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Administration's official Listing of Impairments found at 20 C.F.R. Part 404, Subpart P, Appendix 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment

---

[1] "[T]he definition of disability is the same under both DIB and SSI . . . ." Mason v. Colvin, C/A No. 9:12-CV-1157-TLW-BM, 2013 WL 4042188, at *2 n.2 (D.S.C. Aug. 8, 2013) (citing Emberlin v. Astrue, C/A No. 06-CV-4136, 2008 WL 565185, at *1 n.3 (D.S.D. Feb. 29, 2008)).

which prevents him from doing substantial gainful employment. See 20 C.F.R. § 404.1520 (DIB context); 20 C.F.R. § 416.920 (SSI context).  If an individual is found not disabled at any step, further inquiry is unnecessary. See 20 C.F.R. § 404.1520(a)(4) (DIB context); 20 C.F.R. § 416.920(a)(4) (SSI context); see also Hall v. Harris, 658 F.2d 260 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. See SSR 82-62, 1982 WL 31386, at *3. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5);  42 U.S.C. § 1382c(a)(3)(H)(i).  He must make a *prima facie* showing of disability by showing that he is unable to return to his past relevant work.  Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir. 1983); see also Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. See Grant, 699 F.2d at 191. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. Id. at 191-92.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner "are supported by substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Richardson v. Perales, 402 U.S. 389 (1971); 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3). Consequently, the Act precludes a *de novo* review of the evidence and requires the

court to uphold the Commissioner's decision as long as it is supported by substantial evidence. Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing 42 U.S.C. § 405(g); Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as:

> such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Substantial evidence consists of more than a mere scintilla of evidence but may be less than a preponderance.

Smith v. Chater, 99 F.3d 635, 637-38 (4th Cir. 1996) (internal quotation marks and citations omitted).

Thus, it is the duty of this Court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that his conclusion is rational. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## The Opinion Evidence of Dr. Frank

Opinion evidence must be evaluated in accordance with 20 C.F.R. § 404.1527. A treating physician's opinion should be given controlling weight under 20 C.F.R. § 404.1527(c) if the ALJ finds "that a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [a claimant's] case record." Id. If a treating physician's opinion is not given controlling weight, the ALJ is to consider whether the physician has examined the patient, the length of the relationship and frequency of examinations, what medical evidence supports the opinion, if the opinion is consistent with the record as a whole, if the physician is a specialist in the area the opinion concerns, and other relevant factors. See 20 C.F.R. § 404.1527(c). "Courts often accord 'greater weight to the testimony of a treating physician' because the treating physician has necessarily

examined the applicant and has a treatment relationship with the applicant." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (quoting Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001)). "[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). The ALJ, as factfinder, has the ultimate duty to evaluate medical opinion and determine disability. 20 C.F.R §§ 404.1527, 416.927.

The Plaintiff argues in her brief that the ALJ failed to provide adequately specific reasoning for giving Dr. Frank's opinion little weight, rendering judicial review of the decision impossible. (Dkt. No. 21 at 12-13.) This court agrees. Dr. Frank filled out a "check-the-box" multiple choice form assessing the Plaintiff's residual functional capacity. (R. 739-44.) Dr. Frank concluded that the Plaintiff could only perform sedentary work on a part time basis while missing two to three days a month for medical reasons. The ALJ assigned Dr. Frank's opinion "little weight" based on the following rationale:

> Dr. Frank indicated that the impairment that significantly affects the claimant [sic] ability to work is chronic right shoulder strain. As such, there is no explanation for limiting the claimant's ability to stand, walk, sit, or use her left arm. Furthermore, this assessment is inconsistent with the reports and opinions of the consultative physicians, Dr. Steinert and Dr. Horry, and the state agency medical consultants.

(R. 39.)

Given the little weight afforded by the ALJ, the ALJ was obligated to examine Dr. Frank's opinions in accordance with the 20 C.F.R. § 404.1527(c) factors. The ALJ must consider the examining and treatment relationships Dr. Frank had with the Plaintiff and the duration of those relationships. 20 C.F.R. §§ 404.1527(c)(1); 404.1527(c)(2). Greater weight is given to treating sources because:

> [T]hese sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

20 C.F.R. § 404.1527(c)(2). Dr. Frank, of anyone in the record, could "provide a detailed, longitudinal picture" of the Plaintiff's impairments. The regulations state,

> [g]enerally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.

20 C.F.R. § 404.1527(c)(2)(i).

The only acknowledgment made by the ALJ regarding the relationship between the Plaintiff and Dr. Frank was by labeling his opinion as that of a "treating physician." (R. 39.) Nowhere in his decision did the ALJ acknowledge Dr. Frank had been the Plaintiff's doctor since 1992. (R. 739.) The ALJ did not inquire during the hearing into the examining or treatment relationships the Plaintiff had with Dr. Frank. Dr. Frank has treated the Plaintiff for over 20 years. Dr. Frank examined and treated the Plaintiff for many years while she was working and has treated her since she stopped working. He was in the ideal position to give a medical opinion as to why the Plaintiff can no longer work if that is in fact the case. Unlike the consulting sources, Dr. Frank's opinion was based on a longitudinal picture and must be given "more weight" than if it were from "a nontreating source." Id. The ALJ did not address any of these factors when he assigned Dr. Frank's opinion little weight.

The ALJ must consider how consistent Dr. Frank's opinion is with the record as a whole. 20 C.F.R. § 404.1527(c)(4). The ALJ's decision states Dr. Frank's opinion "is inconsistent with the reports and opinions of the consultive physicians, Dr. Steinert and Dr. Horry, and the state

medical consultants." (R. 39.) The ALJ did not cite to the record at all in making this assertion. The ALJ failed to discuss or consider any specific finding or opinion to support that it was inconsistent with Dr. Frank's opinion. Due to the apparent lack of consideration of the required factors under 20 C.F.R. § 404.1527(c), this court is unable to determine if substantial evidence supports the ALJ's decision and the weight he assigned to Dr. Frank's opinion.[1]

"The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give 'good reasons' in the written decision for the weight given to a treating source's opinions." Frazier v. Colvin, No. CIV.A. 4:12-2528-RMG, 2014 WL 279680, at *2 (D.S.C. Jan. 21, 2014) (quoting SSR 96–2P, 61 Fed.Reg. 34490, 34492 (July 2, 1996)). In the case at bar, the ALJ failed to give "good reasons" for discounting Dr. Frank's opinion. While the little weight given to Dr. Frank's opinion may be appropriate, this court cannot find that substantial evidence exists to support the ALJ's decision and that the § 404.1527(c) factors were properly considered by the ALJ because the decision is devoid of substantive analysis regarding Dr. Frank's opinion. Therefore, this court recommends this case be remanded to the Commissioner for further proceedings consistent with this report and recommendation to include proper consideration of

---

[1] The ALJ noted that Dr. Frank wrote that chronic right shoulder pain was the only impairment that impeded the Plaintiff's ability to work. (R. 39.) The ALJ found this inconsistent with Dr. Frank's residual functional capacity assessment. (Id.) The Plaintiff argues in her brief that the question posed to Dr. Frank, which is missing words and is difficult to read, was misunderstood to ask for only for one impairment, not a full listing of the Plaintiff's impairments. (Dkt. No. 21 at 13-14.) The Plaintiff's attorney appears to have provided the form containing the malformed question. (See R. 739.) The Plaintiff's brief argues that the court should assume that Dr. Frank assessed the Plaintiff's capacity based on all of her impairments. (Dkt. No. 21 at 13-14.) The court cannot reweigh the evidence and make assumptions as the Plaintiff is requesting. This court makes its recommendation based only on the apparent lack of 20 C.F.R. § 404.1527(c) analysis. It does not make any assumptions of or additions to Dr. Frank's opinion as the Plaintiff seeks.

Dr. Frank's opinion consistent with 20 C.F.R. § 404.1527(c), and to include "good reasons" for the weight given to Dr. Frank's opinion.[2]

### Recommendation

Wherefore, based upon the foregoing, the Court recommends that the Commissioner's decision be reversed and remanded for administrative action consistent with this recommendation,

IT IS SO RECOMMENDED.

July 21, 2015

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[2] Given this court's finding that the ALJ did not properly consider the opinion of Dr. Frank and recommends the case be remanded, the court does not reach the Plaintiff's additional arguments.